# In the United States Court of Federal Claims

John W. Markham )
_____ )
        Plaintiff(s), )
                    )   Case No. 25-2049
v.                  )
                    )   Judge Hadji
THE UNITED STATES,  )
                    )
        Defendant.  )
                    )

## NOTICE OF APPEAL

Notice is hereby given that __John W. Markham__ in the
(list all parties taking the appeal)

above named case hereby appeal to the United States Court of Appeals for the Federal Circuit from
the __28 USC 1500__ entered in this action on
(describe document being appealed; e.g. final judgment, order)

__12-19-2025__.
(filed date of document being appealed)

_____
(Signature of Appellant or Attorney)

__John W. Markham__
(Printed Name)

__4523 Sugar Pine Dr NE__
(Street Address)

__Cedar Rapids IA 52402__
(City, State, ZIP Code)

__319-491-5759__
(Phone Number)

Received - USCFC
FEB - 2 2026

John M Markham
4523 Sugar Pine Pl NE
Cedar Rapids, IA 52402

Attn. Clerks Office
U.S. Court of Federal Claims
717 Madison Place, NW
Washington, DC 20439

U.S. POSTAGE PAID
FCM LETTER
HIAWATHA, IA 52233
JAN 05, 2026
$5.30
S2324M500969-01

RDC 99

RECEIVED
FEB -2 2026
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

CERTIFIED MAIL

Happy Holidays

# US Court of Federal Claims
# United States Court of Federal Claims (COFC)
# CIVIL DOCKET FOR CASE #: 1:25-cv-02049-PSH
# Internal Use Only

**CERTIFIED COPY**
I hereby certify that this document is a true and correct copy of the original record.
UNITED STATES COURT OF FEDERAL CLAIMS
Lisa L. Reyes, Clerk of Court
By Deputy Clerk: S/Linnea Booze
Date: 2/3/2026

MARKHAM v. USA
Assigned to: Judge Philip S. Hadji
Demand: $1,000,000
Case in other court: 26-01327
Cause: 28:1491 Tucker Act

Date Filed: 12/02/2025
Date Terminated: 12/22/2025
Jury Demand: None
Nature of Suit: 114 Contract - Service (CDA)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

JOHN W. MARKHAM     represented by     JOHN W. MARKHAM
4523 Sugar Pine Drive, N.E.
Cedar Rapids, IA 52402
(319) 491-5759
Email: jwmcpa1@gmail.com
PRO SE

V.

**Defendant**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2026 | 12 | SECOND NOTICE OF APPEAL as to 7 Order on Motion to Appoint Counsel, Order on Motion for Leave to Proceed in forma pauperis, Order Dismissing Case, filed by JOHN W. MARKHAM. Copy to CAFC. (lb1) (Entered: 02/03/2026) |
| 01/12/2026 |  | CAFC Case Number 2026-1327 for 11 Notice of Appeal filed by JOHN W. MARKHAM. (ac7) (Entered: 01/12/2026) |
| 01/08/2026 |  | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 11 Notice of Appeal. (ac7) (Entered: 01/08/2026) |
| 01/08/2026 | 11 | NOTICE OF APPEAL, filed by JOHN W. MARKHAM. Copy to CAFC. (ac7) (Entered: 01/08/2026) |
| 01/05/2026 | 10 | ORDER REJECTING DOCUMENT: Amended IFP Motion received on 12/19/2025. Plaintiff's initial IFP Motion (ECF 2) was granted in the Court's order dated 12/19/2025. Because the Court previously granted Plaintiff IFP status, Plaintiff's latest submission is moot. Signed by Judge Philip S. Hadji. (Attachments: # 1 Supplement Deficiency Memorandum) (lrf) Service on parties made. (Entered: 01/05/2026) |
| 12/22/2025 | 9 | JUDGMENT entered pursuant to Rule 58, that plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. (Service on parties made.) (ar) (Entered: 12/22/2025) |
| 12/19/2025 |  | Defect Memo Forwarded to Chambers. Date Document Received: 12/19/25. Description of Document: IFP Motion. NOTE: The filing party shall not file a corrected document |

| | | |
|---|---|---|
| | | unless so ordered by the court. (tb) (Entered: 12/19/2025) |
| 12/19/2025 | 8 | Electronic Notification Consent Form. (tb) (Entered: 12/19/2025) |
| 12/19/2025 | 7 | Order of Dismissal. 2 Motion for Leave to Proceed in forma pauperis is GRANTED; 3 Motion to Appoint Counsel is DENIED AS MOOT. Plaintiffs case is DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1500. The Clerk is directed to enter judgment. Signed by Judge Philip S. Hadji. (jb) Service on parties made. (Entered: 12/19/2025) |
| 12/04/2025 | 6 | ORDER TO SHOW CAUSE. Plaintiff is ORDERED to SHOW CAUSE as to why his IFP application should not be denied **by 1/6/2026.** In the alternative, Plaintiff may pay the $405.00 filing fee before the date to show cause. Signed by Judge Philip S. Hadji. (jb) Service on parties made. Plaintiff served via Certified Mail on 12/4/2025; Article Number 9589 0710 5270 2154 6031 58. (fm). (Entered: 12/04/2025) |
| 12/03/2025 | 5 | Notice of Random Assignment Pursuant to Rule 40.1(a) to Judge Philip S. Hadji. (tb) Plaintiff served via Certified Mail on 12/4/2025; Article Number 9589 0710 5270 2154 6031 58. (fm). (Entered: 12/03/2025) |
| 12/03/2025 | 4 | NOTICE of Non-ECF Case. (tb) Plaintiff served via Certified Mail on 12/4/2025; Article Number 9589 0710 5270 2154 6031 58. (fm). (Entered: 12/03/2025) |
| 12/02/2025 | 3 | MOTION to Appoint Pro Bono Counsel, filed by JOHN W. MARKHAM. Service: 12/3/25. **Response due by 12/16/2025.**(tb) (Entered: 12/03/2025) |
| 12/02/2025 | 2 | MOTION for Leave to Proceed in forma pauperis, filed by JOHN W. MARKHAM. Service: 12/3/25. **Response due by 12/16/2025.**(tb) (Entered: 12/03/2025) |
| 12/02/2025 | 1 | COMPLAINT against USA (ARM) (Copy Served Electronically on Department of Justice), filed by JOHN W. MARKHAM. **Answer due by 2/2/2026.** (Attachments: # 1 Exhibit (Exhibits), # 2 Civil Cover Sheet, # 3 Supplement (Envelope))(tb) (Entered: 12/03/2025) |

# In the United States Court of Federal Claims

| | |
|---|---|
| JOHN W. MARKHAM, *Plaintiff,* v. THE UNITED STATES, *Defendant.* | No. 25-2049 (Filed: December 19, 2025) |

**ORDER**

On December 2, 2025, Plaintiff, proceeding *pro se*, filed a civil action against the United States of America. ECF 1. The Court is aware that Plaintiff also has an earlier-filed case before the District Court for the Western District of Washington. *See Markham v. Dep't of the Army*, No. 25-cv-5212 (W.D. Wash. filed Mar. 13, 2025). That court denied Plaintiff's application to proceed *in forma pauperis* (IFP) and gave Plaintiff 14 days to pay the required filing fee. *See* Order, *id.*, Dkt. No. 10 at 3. On June 2, 2025, before that deadline passed, Plaintiff appealed to the Ninth Circuit Court of Appeals. *See Markham v. Dep't of the Army*, No. 25-3531 (9th Cir. filed June 2, 2025). The Ninth Circuit denied Plaintiff's IFP application on July 18, 2025, and gave him 21 days to pay the filing fee. *See* Order, *Markham v. Dep't of the Army*, No. 25-3531 (9th Cir. July 18, 2025), Dkt. No. 5 at 1. Instead of paying the fee, Plaintiff filed an Emergency Motion for Relief and Motion to Stay Proceedings while he sought counsel. *Markham v. Dep't of the Army*, No. 25-3531 (9th Cir. July 21, 2025), Dkt. Nos. 6, 7. The motions have remained pending for nearly five months with no further action.

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Court of Federal Claims Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

As relevant here, the Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States…." 28 U.S.C. § 1500. "To determine whether § 1500 applies, a court must make two inquiries: (1) whether there is an earlier-filed suit or process pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are for or in respect to the same claim(s) asserted in the later-filed Court of Federal Claims action. If the answer to either of these questions is negative, then the Court of Federal Claims retains jurisdiction." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (internal citations and quotations omitted). The second inquiry covers cases "based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011).

     It is beyond dispute that Plaintiff has an earlier-filed case pending in the Western District of Washington. *See Markham v. Dep't of the Army*, No. 25-cv-5212 (W.D. Wash. filed Mar. 13, 2025); *see also Markham v. Dep't of the Army*, No. 25-3531 (9th Cir. filed June 2, 2025). The question, then, is whether the claims in that case are "based on substantially the same operative facts" as the claim in the case before this Court. *Tohono*, 563 U.S. at 317. Based on comparing the two cases, as the following table illustrates, the Court concludes that they are.

| **Court of Federal Claims Complaint** | **Western District of Washington Complaint**[1] |
|---|---|
| "This complaint … concerns a federal employment contract that I held directly with the Dept. of the Army at Madigan Army Medical Center as a cardiac perfusionist." ECF 1 at 1. | "I had a federal employment contract with the Dept. of the Army as a cardiac perfusionist at Madigan Army Medical Center…" Dkt. No. 1-1 at 1. |
| "This contract was guaranteed for 15 years. This contract began in 08-01-2007, & I was illegally terminated in 11-15-2009." ECF 1 at 1. | "This contract was guaranteed for 15 years. This contract began on 08-01-2007, & I was illegally terminated on 09-15-2009." Dkt. No. 1-1 at 1. |
| "This complaint involves the following issues: 1) The theft of $27,403.00, 2) wrongful termination, 3) defamation, 4) contract fraud & 5) discrimination." ECF 1 at 1. | "My claims in these matters are: 1) discrimination, 2) wrongful termination, 3) contract fraud, 4) theft of $27,403.00 & 5) defamation." ECF 1-1 at 2. |
| "I had immediately informed my contracting officer, Mr. Michael Foster, on at least three different occasions. Mr. Foster did nothing. He did not inform me of my rights, nor of the procedures necessary to resolve these matters." ECF 1 at 2. | "From the very beginning, I had contacted my contracting officer, Mr. Michael Foster, to resolve these issues, on numerous occasions. Mr. Foster did nothing. He did not inform me of my rights, nor of the procedures necessary to address these issues." Dkt. No. 1-1 at 2. |
| "In November of 2023, I met with a Mr. Joshua Voight from Army CID. During this meeting, I became aware of new evidence from an investigation conducted by Army CID." ECF 1 at 3. | "As of November of 2023, I became aware of new evidence that was obtained by an Army CID investigation that confirms my assertions. I spoke with a Mr. Joshua Voight … who is affiliated with Army CID." Dkt. No. 1-1 at 3. |

     The Court notes that Plaintiff also attached several identical documents as factual support for each suit, including the following:

- Bank Statement of John W. Markham. *Compare* ECF 1-1 at 1, *with* W.D. Wash. Dkt. No. 1-1 at 6.

---

[1] In the Washington case, Plaintiff attached his "Proposed Complaint" to his IFP application. *See* Proposed Complaint and Request to Appoint Counsel, *Markham v. Dep't of the Army*, No. 25-cv-5212 (W.D. Wash. Mar. 13, 2025), Dkt. No. 1-1.

2

- Iowa Department of Justice Letter to John Markham. *Compare* ECF 1-1 at 2, *with* W.D. Wash. Dkt. No. 1-1 at 5.
- Contract and related documents. *Compare* ECF 1-1 at 3-48, *with* W.D. Wash. Dkt. No. 1-1 at 18-62.

For the foregoing reasons, the Court concludes that Plaintiff's claim in the instant case is virtually identical to the claim currently pending before the Western District of Washington. Given the substantial overlap in operative facts between them, the two suits are "for or in respect to" the same claims under § 1500, and this case must be dismissed.[2] In the interest of judicial efficiency, Plaintiff's application to proceed *in forma pauperis* (ECF 2) is **GRANTED**.[3] Plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction under 28 U.S.C. § 1500. Accordingly, Plaintiff's Motion to Appoint Pro Bono Counsel (ECF 3) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Philip S. Hadji
PHILIP S. HADJI
Judge

---

[2] Though this Court may not exercise jurisdiction over Plaintiff's suit while the district court case is pending, should Plaintiff choose to dismiss the latter action, or upon that action's completion, Plaintiff is free to file suit again in this Court if the statute of limitations is no bar. *See Tohono*, 563 U.S. at 318.

[3] Though the Court is skeptical of Plaintiff's inability to pay, *see* ECF 6, the Court follows the lead of the Eighth Circuit in another of Plaintiff's cases, *see* Judgment, *Markham v. Dep't of Defense*, No. 24-2916 (8th Cir. Oct. 30, 2024) (granting Plaintiff IFP status in summary affirmance).